Tajt, J.
So far as pertinent, Section 10504-3, General Code (Section 2107.03, Eevised Code), reads:
“* * * every last will and testament * * * shall he signed at the end by the party making it or by some other person in his presence and by his express direction, and be attested and subscribed in the presence of such party, by two or more competent loitnesses, who saw the testator subscribe, or heard him acknowledge his signature. ’ ’ (Emphasis added.)
According to Greene’s affirmative testimony, these statutory formalities were not complied with because (a) Lyons’ signature was not even on the instrument when Greene signed and (b) Greene neither attested nor subscribed in the presence of Lyons.
According to Moke’s affirmative testimony, these statutory formalities were not complied with because Moke did not see Lyons subscribe and Lyons did not acknowledge his signature.
According to Ganger’s affirmative testimony, the formalities specified in this statute were complied with because Greene, Moke and Ganger all saw Lyons subscribe his signature and each of them then attested and subscribed in the presence of Lyons.
Section 2107.18, Eevised Code, reads so far as pertinent:
“The Probate Court shall admit a will to probate if it appears that such will was attested and executed according to the law * * * and if it appears that the testator at the time of executing such will was of full age, of sound mind and memory, and not under any restraint.”
*210 It is apparent that, if full credence is given to the testimony of Ganger, then, to use the statutory words, this will was “attested and executed according to * * * law” and the other requirements of that statute were met. On the other hand, if the testimony of either Greene or Moke is believed, then it is apparent that this will was not “attested and executed according to * * * law.” Thus, which conclusion should be reached with regard to attestation and execution according to law would depend upon whether a trier of the facts believed Ganger and disbelieved Greene and Moke, or upon whether he disbelieved Ganger and believed Greene or Moke or both Greene and Moke. In view of Ganger’s testimony, it must be said that reasonable minds could conclude that this will “was attested and executed according to * * * law.”
Prior to the enactment of Section 2107.181, Revised Code, in 1953, it was well settled that, in determining whether a will which was presented for probate and which was complete and regular in appearance and apparently complied with all formalities should be admitted to probate, the Probate Court was not authorized to determine as a fact whether such will had been “attested and executed according to * * * law,” but was merely required to determine whether there was substantial evidence tending to prove that fact, i. e., evidence which would enable a finding of that fact by reasonable minds. In re Will of Elvin, 146 Ohio St., 448, 66 N. E. (2d), 629; In re Will of Hathaway, 4 Ohio St., 383. See 57 American Jurisprudence, 594, Section 902; annotation, 40 A. L. R. (2d), 1223. It follows that, prior to enactment of Section 2107.181, Revised Code, the evidence in the instant case was sufficient to require the Probate Court to admit the Lyons will to probate.
The decision in Keyl v. Feuchter, 56 Ohio St., 424, 47 N. E., 140, relied upon by appellee, is not inconsistent with such a conclusion. In that case, this court stated that, since one of the subscribing witnesses had died, proof of his signature had the effect of proof that the purported will had been duly acknowledged in the presence of that witness. However, there was not, as in the instant case, any evidence (such as the testimony of Ganger) tending to prove “acknowledgment by the maker, either of the paper as his will, or of his signature there *211 to, in the presence of” the other subscribing witness, and that witness testified that there had been no such acknowledgment.
Even though all who have apparently signed as attesting witnesses affirmatively testify that the instrument was not attested and executed according to law, such execution and attestation may be established by other competent evidence. Haynes v. Haynes, 33 Ohio St., 598, 31 Am. Rep., 579; annotation, 63 A. L. R., 1195; 57 American Jurisprudence, 599, Section 909. Thus, it is stated in paragraph four of the syllabus in the Haynes case:
“The due execution of a will can not be assumed in the face of positive evidence to the contrary, or in the absence of all proof on the subject * * * merely because it purports to be the will of the testator, and the attestation is in due form; yet it will not be defeated by the failure of memory or corruption of the attesting witnesses, if it can be established by other competent testimony.”
Cases such as In re Estate of Tyler, 159 Ohio St., 492, 112 N. E. (2d), 668, are not applicable because they do not relate to probate of wills which are complete and regular in appearance and apparently comply with all formalities.
It is contended that the pronouncement of law made by this court in the Hathaway (4 Ohio St., 383) and Elvin (146 Ohio St., 448) cases should no longer be followed by reason of the enactment of Section 2107.181, Revised Code, in 1953. That section reads:
“If it appears that the instrument purporting to be a will is not entitled to admission to probate, the court shall enter an interlocutory order denying probate of such instrument and shall continue the matter for further hearing. The court shall order that not less than ten days’ notice of such further hearing be given by the applicant, the executor named in the instrument, or a commissioner appointed by the court, to all persons named in such instrument as legatees, devisees, beneficiaries of a trust, trustees, or executors in the manner provided by Sections 2101.26, 2101.27 and 2101.28 of the Revised Code, Upon such further hearing witnesses may be called, subpoenaed, examined, and cross-examined in open court or by deposition and their testimony reduced to writing and filed in the same manner *212 as in hearings for the admission of wills to probate. Thereupon the court shall revoke its interlocutory order denying probate to such instrument and admit the same to probate or enter a final order refusing to probate such instrument. A final order refusing to probate such instrument may be reviewed on appeal. ’ ’
No words of that statute purport to give the Probate Court any authority to determine as a fact whether a will has been properly attested and executed, nor are any words thereof otherwise inconsistent with the pronouncements of law made by this court in the Hathaway (4 Ohio St., 383) and Elvin (146 Ohio St., 448) cases. Section 2107.18, Revised Code, had previously provided only for an instance where the Probate Court was to admit a will to probate. Section 2107.181, Revised Code, specifically provides for an instance where “it appears that the instrument * * * is not entitled to admission to probate.” That is clearly indicated by the words of its first sentence. In such instance, it is provided that the Probate Court “shall continue the matter [i. e., whether under the statutes construed in the Elvin case the will should be admitted to probate] for further hearing.” In the third sentence, there is nothing to indicate that the words “in the same manner as in hearings for the admission of wills to probate” do not provide, as they apparently were intended to provide, the manner of calling, examining and cross-examining witnesses, a manner theretofore and still specifically provided for in Section 2107.14, Revised Code, which had theretofore and still does provide for appearance only of “the witnesses to a will, and other witnesses whom a person interested in having such will admitted to probate may desire to have appear and for their examination and cross-examination.” This conclusion is fortified by the second sentence which provides for notice of such further hearing only to the kinds of persons who might benefit by the will and thus would normally be interested in having the will probated and not for notice to the kinds of persons who might be adversely affected by the will and thus would normally be interested in not having the will probated (such as next of kin or heirs of the testator). Also, if the General Assembly intended that the Probate Court *213 was to determine as a fact whether the instrument had been propeily attested and executed, would it not have provided for appeal from an order admitting it to probate instead of merely from an order denying probate? As stated in Lynn v. Supple, ante, 154:
“If, by what it does, the General Assembly intends in effect to change the law as previously announced by this court, it should express such an intention. Such an intention will not. ordinarily if ever be implied from its silence.”
As stated by Bartley, J., in the Hathaway case (4 Ohio St., 383), a statement quoted with approval by Williams, J., in the Elvw case (146 Ohio St., 448):
“If those who deny the validity of a will had the right to * * * contest it on the application to admit it to probate, the statute would run into the absurdity of allowing a party two distinct courts, and two distinct modes of contesting and having an adjudication of the same fact; and the adjudication of the first tribunal, although not appealed from, no bar to the second proceeding.”
Certainly, there is nothing in the intention expressed by the General Assembly in Section 2107.181, Revised Code, inconsistent with those reasons for or the pronouncements of law made in the Hathaway and Elvin cases.
It may be helpful to a better understanding of those reasons and those pronouncements to consider their historical background. Thus, in 57 American Jurisprudence, 518, Section 758, it is said:
“Probate in 'common form’ under statutory provisions therefor * * * is a survival of the probate procedure under the ecclesiastical law. It is ordinarily an ex parte proceeding instituted by the executor or other proponent of the will to obtain the admission of the instrument propounded to record as a valid will. Probate in 'solemn form’ is where, by summons to see proceedings, the executor has called in the parties interested to witness the proceedings, and to take what part therein they see fit. The nomenclature of 'common form’ and ‘solemn form’ is confusing in many jurisdictions, since their statutory provisions for the probate and contest of a will have been drawn *214 without an attempt to parallel the ecclesiastical procedure. An essential distinction between ‘solemn’ and ‘common’ probate is that the former is an adversary proceeding upon notice or citation in which parties in interest opposed to the will have the opportunity to contest its validity, while probate in common form is had without according opportunity to contestants to offer evidence to prove the will invalid. This distinction is reflected in the views concerning the conclusiveness and effect of a judgment or order of probate. Subject to certain limitations of time, probate in common form may be followed by probate in solemn form, which is upon notice to interested parties. By the common law, the executor of a will admitted to probate in common form might at any time wdthin 30 years be compelled, by a person having an interest, to prove it in solemn form. Moreover, under the statutes in some jurisdictions, a proceeding in common form is converted to a proceeding in solemn form by the filing of a petition to contest or caveat, followed by notice or citation to all interested parties. ’ ’
See also 95 Corpus Juris Secundum, 141, Section 318 a.
The apparent purpose of Section 2107.181, Revised Code, was merely to enable a final determination of whether an instrument should be admitted to probate at the time when it is first offered for probate, and thus to avoid what had been previously permitted by the decisions of this court (Feuchter v. Keyl, 48 Ohio St., 357, 366, and paragraph two of the syllabus, 27 N. E., 860), i. e., subsequent attempts by other interested parties to have it probated. See 25 Ohio Bar, 237 to 239; 26 Ibid., 168.
In support of the order of the Probate Court, it is contended that the Probate Court was justified in rejecting Ganger’s testimony. However, the record does not indicate that the Probate Court did reject his testimony. On the contrary, it indicates that the Probate Court admitted his testimony, considered it and disbelieved it, although, if believed as reasonable minds might have believed it, Ganger’s testimony would have established the fact that the will had been properly attested and executed. The Probate Court thereby acted as a trier of that fact. As hereinbefore stated, it had no authority to so act.
*215 Tlie judgment of the Court of Appeals is therefore reversed, and the cause is remanded to the Probate Court for further proceedings.

Judgment reversed.

Zimmerman, Stewart and Matthias, JJ., concur.
WeygaNdt, C. J., Bell and Herbert, JJ., dissent.